﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 200327-75561
DATE: February 26, 2021

REMANDED

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD) due to Military Sexual Trauma (MST), is remanded.

REASONS FOR REMAND

The Veteran served on active duty from December 1995 to December 1999. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with Department of Veterans Affairs (VA) decisions on their claim to seek review. As the Veteran opted into the AMA within 60 days of the March 2020 legacy system Statement of the Case, this decision is issued under the AMA. As the Veteran chose the Direct Review option, the Board will only consider evidence of record at the time of the March 2020 statement of the case. 38 C.F.R. § 20.301. 

The issue on appeal has been broadened and recharacterized under Clemons v. Shinseki, 23 Vet. App. 1 (2009).

1. Entitlement to service connection for PTSD including as due to MST is remanded.

Under the AMA, the Board must remand to the RO to correct pre-decisional duty to assist errors, including when the Agency of Original Jurisdiction (AOJ) fails to make reasonable efforts to obtain VA treatment records or relevant federal or private treatment records; fails to obtain a VA examination; or, provides an inadequate VA examination or opinion.  See 38 C.F.R. § 20.802(a).  

Here, VA failed to obtain an adequate examination and opinion. There is conflicting evidence in the record regarding the Veteran’s current disability and whether the criteria for PTSD have been met. The December 2018 private examiner found the Veteran met all of the criteria; however, the December 2018 VA examiner did not. The December 2018 VA examiner did not appear to review the private examiner’s report and diagnosis. Further, the December 2018 VA examiner failed to provide an opinion regarding the assigned diagnosis of Other Specified Trauma and Stressor-Related Disorder. Barr v. Nicholson, 21 Vet. App. 303 (2007).

The matters are REMANDED for the following action:

1. Schedule the Veteran for an examination of an acquired psychiatric disorder. 

If the Veteran is diagnosed with PTSD, the examiner must opine whether the evidence of record, including the Veteran’s lay statements, statements made by the Veteran’s friend and wife, and the Veteran’s service records, corroborate the claim that a personal assault occurred in service (38 C.F.R. § 3.304(f)(5)) If the examiner finds that evidence indicates that a personal assault occurred during the Veteran’s active service, the examiner must opine whether any PTSD is at least as likely as not related to the in-service personal assault. 

If any other acquired psychiatric disorders are diagnosed, the examiner must opine whether it is at least as likely as not related to an in-service injury, event, or disease, to include the Veteran’s reports of MST. 

The examiner should address the Veteran’s private psychiatric evaluation submitted in December 2018.

A complete rationale should be provided for each opinion. The clinician is reminded that the term “as likely as not” does not mean “within the realm of medical possibility,” but rather that the evidence of record is so evenly divided that, in the clinician’s expert opinion, it is as medically sound to find in favor of the proposition as it is to find against it.     

 

 

Marissa Caylor

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Lee Feldman, Attorney Advisor

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.